Rosen, Kantrow & Dillon, PLLC
*Counsel to Richard L. Stern, Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Scott T. Dillon

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | PRESENTMENT DATE: **9/25/17** |
| EASTERN DISTRICT OF NEW YORK | HEARING DATE: **TBD** |

-------------------------------------------------------------x
In re:

        Case No.: 17-71325-ast

  FIDEL ABREU-BENITEZ,         Chapter 7
  a/k/a FIDEL ABREU,
  a/k/a FIDEL ABREU BENITEZ,

                Debtor.
-------------------------------------------------------------x

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 363: (1) APPROVING THE SALE OF ESTATE'S INTEREST IN REAL PROPERTY COMMONLY KNOWN AS 630 E. 6TH STREET, HIALEAH, FLORIDA SUBJECT TO HIGHER AND BETTER OFFERS AT AUCTION; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING PROCEDURES; (4) APPROVING THE MANNER AND <u>EXTENT OF NOTICE OF SUCH AUCTION HEARING</u>**

      Richard L. Stern, Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of Fidel Abreu-Benitez, a/k/a Fidel Abreu, a/k/a Fidel Abreu Benitez, debtor ("Debtor"), by and through his attorneys, Rosen, Kantrow & Dillon, PLLC, respectfully submits this as and for his motion ("Motion") seeking entry of an Order under Section 363(b), (f) and (m) of Title 11, United States Code ("Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"): (i) approving the sale of the estate's interest in real property commonly known as 630 E. 6th Street, Hialeah, Florida ("Real Property") at public auction, free and clear of all liens and encumbrances ("Liens") with such Liens, if any, to attach to the net proceeds of sale in the amount and priority as they presently exist, such proposed sale being subject to such higher and better offers that may be tendered at a public auction sale, and subject to the terms and

conditions of sale as set forth in this Motion; (ii) scheduling a hearing to approve of the sale of the Real Property to the successful bidder; (iii) approving terms and conditions for submitting offers; and (iv) approving the form and manner of notice with respect to the hearing on this Motion ("Sale Hearing"); as well as granting such other and further relief as this Court deems just and proper under the circumstances, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee has determined, in the exercise of his business judgment that the sale of the Real Property at a public auction sale, shall be in the best interests of the estate, its creditors, and secured creditors with an interest in the Real Property.

2. The proposed sale of the estate's interest in the Real Property shall be free and clear of all Liens and subject to higher and better offers that may be tendered at a public auction sale, all consistent with sections 363(b), (f) and (m) of the Bankruptcy Code.

3. Trustee has filed a separate application to retain MYC & Associates ("MYC") as his auctioneer (the "Auctioneer") to conduct the proposed public auction at which the Real Property shall be sold.

## JURISDICTION, VENUE, AND STATUTORY AUTHORITY

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought in this Motion are Sections 105, 363(a), 363(b), (f) and (m) of the Bankruptcy Code, and Rules 2002, 6004 and 9004 of the Bankruptcy Rules.

## BACKGROUND

6.      The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), on March 7, 2017 (the "Petition Date"). Richard L. Stern was appointed interim Trustee and has since duly qualified as the permanent Trustee.

7.      Prior to the Petition Date, by deed dated May 7, 2016, the Debtor transferred his 100% fee simple ownership interest in the Real Property, for insufficient consideration, to OPTB Property, Inc. ("OPTB"). The Trustee commenced an adversary proceeding against OPTB seeking a determination that the Debtor's transfer of the Real Property constituted a fraudulent conveyance pursuant to Florida law. OPTB failed to answer or otherwise appear in connection with the adversary proceeding.

8.      Accordingly, the Trustee moved for the entry of judgment and order on default. By Judgment dated August 14, 2017, the Court restored the Real Property to the Debtor, and consequently the estate. Moreover, the Judgment entitled the Trustee to a money judgment in the amount of $157,000 plus interest at the Federal Rate of Interest. In order to realize on the Judgment, the Trustee is moving to market and sell the Real Property for the benefit of the creditors of this estate.

9.      Trustee obtained land records as well as a title report (the "Title Report") in connection with his determination to seek to sell the Real Property at issues herein. The Title Report confirmed the Trustee's beliefs that there are no liens and/or encumbrances impair this Real Property. Trustee believes that the Real Property has significant equity and should be reduced to cash for the benefit of the creditors.

10.     Debtor does not reside in the Real Property and he has not and cannot assert a homestead exemption in the Real Property.

10. Thus, Trustee has investigated the estimated value of the Real Property and believes that there is substantial equity in the Real Property available for liquidation for the benefit of the Debtor's creditors.

## PROPOSED SALE

11. Trustee believes that in order to maximize the value of the Real Property, it is necessary to give potential buyers an opportunity to purchase the estate's interest in the asset. Accordingly, Trustee has provided that the sale of the Real Property is subject to higher and better offers that may be tendered at a public auction sale. The Trustee proposes that the auction sale be conducted by MYC on a date that is at least sixty (60) days from the date of the entry of an Order authorizing the sale ("Auction Sale"). The Auction Sale shall take place at a location to be announced on MYC's website.

12. Immediately following the Auction Sale, Trustee will file with the Court an Affirmation seeking an Order confirming the sale of the Real Property to the successful purchaser offering the highest and best offer.

## BIDDING PROCEDURES

13. Trustee proposes and seeks Court approval of the following bidding procedures ("Bidding Procedures") for any party wishing to submit a bid for the estate's interest in the Real Property the Auction Sale to be conducted by the Trustee's Court appointed auctioneer:

   a. These terms and conditions of sale ("Terms and Conditions of Sale") are being promulgated in connection with the Bankruptcy Court authorized public auction sale ("Sale") of real property commonly known as 630 E. 6th Street, Hialeah, Florida ("Property"). The seller of the Property is Richard L. Stern, Chapter 7 trustee ("Trustee") of the bankruptcy estate of Fidel Abreu-Benitez, a/k/a Fidel Abreu, a/k/a Fidel Abreu Benitez, debtor in a Chapter 7 case currently pending in the United States Bankruptcy Court, Eastern District of New York ("Court") under the caption and case number set forth above. The Trustee's Auctioneer ("Auctioneer") is: MYC & Associates. ("MYC"), 1110 South Avenue, Suite 22, Staten Island, New York 10314 (347) 273-1258.

b.  The Sale will take place on a date no earlier than 60 days after the date of entry of an Order authorizing the Trustee to conduct the Auction Sale, at a location to be determined by the Trustee and MYC and announced on MYC's website, or at such later date and time as shall be chosen by Trustee.

c.  Information regarding the sale of the Property can be obtained by contacting the Auctioneer, at the address, telephone number set forth in ¶ a, above.

d.  In order to be permitted to bid on the Property, prior to the commencement of the Sale, and as a condition to be able to bid at the Sale, each prospective bidder must register with MYC and deliver to MYC the original signed Terms and Conditions of Sale and a certified check or bank check in the amount of Ten Thousand Dollars ($10,00.00) ("Qualifying Deposit") made payable to Richard L. Stern, Chapter 7 Trustee, which amount shall serve as a good faith deposit against payment of the purchase price by such bidder in the event that such bidder is determined to have made the highest or best bid ("Successful Bidder").

e.  The initial bid shall be in the amount of One Hundred Thousand Dollars ($100,000.00) ("Initial Bid").

f.  All subsequent bids thereafter shall be in increments of $5,000.00, or such amount as determined by the Trustee, in conjunction with MYC, in Trustee's sole discretion.

g.  Within forty-eight (48) hours after conclusion of the Sale, the Successful Bidder shall deliver to the Trustee by certified check or bank check an amount equal to twenty-five (25%) percent of the successful bid minus the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"). The Successful Bidder must execute, and thereby agree to be bound by: (a) these Terms and Conditions of Sale; and (b) a Memorandum of Sale. At the conclusion of the Sale, the Trustee or his representative will return the Qualifying Deposits to all other bidders; HOWEVER, the Trustee shall retain the Qualifying Deposit of the second highest bidder ("Second Bidder"), until such time as the Trustee has successfully closed the sale of the Property to the Successful Bidder. The Successful Bidder must close title ("Closing") to the Property at a date ("Closing Date") that is not more than ten (10) calendar days after entry of an Order of the Bankruptcy Court approving the Sale. TIME BEING OF THE ESSENCE as to the purchaser, although such date may be extended solely by the Trustee. The Closing shall take place at location that is to be determined by the Trustee.

h.  The Court, prior to the Closing, may enter an Order confirming the Sale.

i.  The Successful Bidder shall be responsible solely and shall pay any County, State or other Real Property transfer taxes incurred by the transfer of the Property by the estate at the Closing.

j.      In connection with the Closing and Closing Date, the Successful Bidder is hereby given notice that TIME IS OF THE ESSENCE against the Successful Bidder and the failure of the Successful Bidder to close for any reason whatsoever (except as otherwise provided below) including his, her or its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the Deposit as liquidated damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale. The Successful Bidder shall be obligated to close title to the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid his, her or its obligation under these Terms and Conditions of Sale other than the Trustee's inability to deliver insurable title to the Property.  Further, the Successful Bidder must demonstrate, to the satisfaction of the Trustee or the Court, as the case may be, evidence of his, her or its ability to conclude the transaction upon these Terms and Conditions of Sale, without delay.  The Trustee reserves the right to reject any offeror, who the Trustee, in his sole discretion, believes is not financially capable of consummating the purchase of the Property. Expenses incurred by the Successful Bidder, or any competing bidder concerning the performance of any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder and under no circumstances shall the Trustee, or the estate, or the Trustee's professionals, be liable or responsible for, or pay, such expenses.

k.      In the event that the Successful Bidder for the Property fails to tender the balance of the Purchase Price on the Closing Date, or otherwise perform his, her or its obligations under these Terms and Conditions of Sale, the Trustee, at his sole option, shall immediately negotiate the deposit of the Second Bidder and Trustee shall be further authorized to sell the Property to the Second Bidder without any further notice or approval of the Court, without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Trustee deems appropriate.  Should the Second Bidder fail to close on the Property, within twenty (20) days of receiving from the Trustee, notice, TIME OF THE ESSENCE, (at the address set forth on the bidder registration form) that said Second Bidder is now deemed the Successful Bidder, then the Trustee shall be: (a) authorized to keep the Deposit of the Second Bidder as liquidated damages; and (b) authorized but not obligated to sell the Property to the next highest bidder, without any further notice or approval of the Court.

l.      The Property is being sold and delivered "AS IS" "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of all monetary liens, claims and encumbrances of whatever kind or nature, such liens, claims, interests and encumbrances, if any, to attach to the proceeds of Sale in such order and priority as they existed immediately prior to the Sale Date, and subject to, among other things: (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may

show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; and (f) subject to all deed restrictions. By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Property, the state of title thereof and laws, rules and regulations applicable thereto, and the form of the Trustee's Deed that the Trustee will execute to convey the Property, and will rely solely thereon and on their own independent investigations and inspections of the Property in making their bids. All bidders acknowledge that they have conducted their own due diligence in connection with the Property, and are not relying on any information provided by the Trustee, MYC or the Trustee's retained professionals. All bidders, by executing these Terms and Conditions of sale, expressly agree and consent that they shall purchase the Property "AS IS" "WHERE IS", "WITH ALL FAULTS".

m.    The Property shall be delivered by Trustee subject to any and all existing tenancies and occupancies, and/or any rights any third party may have related thereto.

n.    Trustee, MYC and Trustee's retained professionals have not made and do not make any representations or warranties with respect to the permissible uses of the Property, the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, number of building lots, use or any other matter or thing affecting or related to the Property or this Sale, that might be pertinent to the purchase of the Property, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Property; (b) the potential qualification of the Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the Property, in its current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Property to obtain a change in the zoning or use, or a variance in respect to the Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Property from any source, including, but not limited to, any state, city, local government or federal government or institutional lender; (e) the current or future use of the Property; (f) the present and future condition and operating state of any and all machinery or equipment in the Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the Property; (j) the compliance or non-compliance of the Property with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere in the Property; and (k) any tenancies and/or occupancy of the Property, including any and all future rights of tenancy and/or

occupancy. Each bidder hereby expressly agrees and acknowledges that no such representations have been made. The Trustee and his retained professionals are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Property, made or furnished by the Trustee or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee.

o. The Trustee shall convey the Property by delivery of a quitclaim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure. At the Trustee's option, he may arrange for the issuance of a title insurance policy by such a company, if the Successful Bidder is unable to do so, at the sole cost and expense of the Successful Bidder.

p. Nothing contained in these Terms and Conditions of Sale shall supersede or alter any provisions of Title 11, United States Code ("Bankruptcy Code") or of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") or otherwise interfere with the jurisdiction of the Court. To the extent of any conflict between the Bankruptcy Code and/or the Bankruptcy Rules and these Terms and Conditions of Sale, the Bankruptcy Code and/or the Bankruptcy Rules shall govern. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

q. Neither the Trustee, MYC, the Trustee's retained professionals nor the estate of the Debtor are liable or responsible for the payment of fees of any broker or agent that has not been retained by an order of the Court.

r. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Property. By making a bid for the Property, all bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and have agreed to be bound by them.

s. Trustee shall be a party to the Sale of the Property exclusively in his capacity as trustee in bankruptcy and not as an individual. If the Trustee is unable to deliver title to the Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, his only obligation will be to refund the Deposit to the Successful Bidder (or Second Bidder) and upon such refund the Successful Bidder (or Second Bidder) will have no recourse or claim against the Trustee, MYC or the Trustee's retained professionals.

t.      The Trustee reserves his right to withdraw the Property from the auction or from sale, either prior, or subsequent to the auction, for any reason whatsoever, as he deems necessary or appropriate.

u.      The Sale of the Property may be subject to confirmation by the Court. The Trustee or the Trustee's attorney shall notify the Successful Bidder whether the Sale is confirmed. Any disputes concerning the Sale shall be determined by the Court. By participating in the Sale, all bidders consent to the jurisdiction of the Court to determine such disputes arising in the Debtor's pending case.

## SUMMARY OF A PROPOSED CONTRACT OF SALE

14.     The successful bidder shall enter into a contract of sale of the Real Property with the Trustee, substantially in the form of a Contract consistent with the summary of the terms set forth below. As part of the relief requested herein, the Trustee asks the Court to approve these terms and conditions and authorize the Trustee to propose such other terms and conditions as he deems appropriate in order to maximize the value of the Real Property.

15.     <u>Seller</u> is Richard L. Stern, the Chapter 7 Trustee herein.

16.     <u>Proposed Buyer</u> is the bidder with the highest and best offer.

17.     <u>Property Description</u> the Premises commonly known as 630 E. 6th Street, Hialeah, Florida.

18.     <u>Conveyance</u> is in "as is" "where is" "with all faults" conditions, subject to any and all existing tenancies and/or occupancies.

19.     <u>Purchase Price</u> is the proposed highest and best offer made at the auction.

20.     <u>Auctioneer</u> – MYC.

21.     <u>Adjustments</u> - None.

22.     <u>Delivery of Possession</u> on the date of closing.

23.     <u>Conditions of Closing</u> is that this sale is expressly subject to Bankruptcy Court approval, and is subject to higher and better offers thereupon.

24.     <u>Closing</u> at Rosen, Kantrow & Dillon, PLLC, 38 New Street, Huntington, New York 11743, no later than the tenth day after the issuance of the Approval Order (as that term is defined in the Contract of Sale), which closing date may be extended by Trustee from time to time, in his sole discretion.

25.     <u>Applicable Law</u> is the law of the State of New York.

26.     <u>Risk of Loss</u> is upon the Seller until the date of closing.

27.     Trustee believes that the preceding procedures constitute appropriate bidding procedures under the facts and circumstances of this case. In order to maximize the benefit to the Estate, Trustee seeks to implement this reasonably competitive bidding process given the nature of the proposed transaction. Trustee maintains that this procedure is designed to generate a maximum recovery to the estate while serving to prevent frivolous bidding, and respectfully requests that this Court approve and authorize same.

## REQUESTED RELIEF

28.     Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto:

(a)     Approving the terms, conditions and procedures for Trustee's sale of the Estate's interest in the Real Property to the bidder making the highest and best offer;

(b)     Approving the Bidding Procedures;

(c)     Approving the manner and extent of notice of the Auction Sale;

(d)     Allowing the Trustee to sell the Estate's interest in the Real Property free and clear of all liens, claims, encumbrances and interests with such liens, claims, encumbrances and interests, if any to attach to the proceeds; and

(e)     Granting such other relief and further relief as is just and proper under the circumstances.

## GROUNDS FOR RELIEF

**A.     The Sale Of The Real Property Should Be Approved
        As An Exercise of Trustee's Sound Business Judgment**

29.     Section 363(b) of the Bankruptcy Code provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A trustee must demonstrate a sound business justification for a sale or use of assets outside of the ordinary course of business. *See, e.g. Licensing By Paolo, Inc., v. Sinatra (In re Gucci),* 126 F.3d 380, 387 (2d Cir, 1997); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

30.     Here, sound business reasons exist to justify selling the Real Property to the party making the highest and best offer that may be tendered at the Auction Sale. Indeed, allowing Trustee to proceed with the sale of Real Property in this manner is the most effective way of selling the Real Property and will maximize the value to be realized for the Real Property.

31.     Under Bankruptcy Code section 363(f), a trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate only if, at least one of the following conditions is satisfied:

> (1)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

32. Since Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of the five requirements shall suffice to approve the sale of the Real Property "free and clear" of all liens, claims and encumbrances. *See, e.g. Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (recognizing the Bankruptcy Code section 363(f) is written in disjunctive, and holding that court may approve sale "free and clear" provided that at least one subsection of 363(f) is met); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988).

33. Trustee believes that the liens against the Real Property shall be satisfied by sale amount received from the successful bidder of the Auction Sale.[1] The starting bid for the sale of the Real Property at auction will be in the amount of $100,000.

34. Consequently, Trustee submits that the Real Property may be sold in accordance with Section 363(f) of the Bankruptcy Code.

**B. The Auction Sale and Auction Procedures Are Fair, Appropriate And In The Best Interest Of Creditors**

35. Under Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of a debtor's business may be by private sale or by public auction. Trustee believes that a sale of the Real Property pursuant to public auction will maximize the sale proceeds received by Debtors' Estate, which is the principal goal in any proposed sale of property of an estate. *See, e.g., Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well establish principle of bankruptcy law that the … duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *Cello Bag Co. Inc. v. Champion Int'l Corp.* (*In re Atlanta Packaging Prods., Inc.*), 99 B.R. 124, 130 (Bankr. N.D.Ga. 1988)); *See also Four B. Corp. v. Food Barn Stores, Inc.*

---

[1] Trustee's review of a title report indicates that the Property is not subject to any liens or encumbrances of record.

(*In re Food Barn Stores, Inc.*), 107 F.3d 558, 564-5 (8th Cir. 1997) ("primary objective of the Code [in a Bankruptcy Sale is] to enhance the value of the estate at hand.")

36. Trustee submits that conducting the Auction Sale will derive the highest and best bids for the Real Property, and is consistent with Trustee's duties and exercise of business judgment.

**D. The Sale of the Real Property Has Been Proposed In Good Faith And Without Collusion And The Successful Bidder Is A Good Faith Purchaser**

37. Bankruptcy Code Section 363(m) protects a good faith purchaser's interest in property purchased from a debtor's estate, notwithstanding that authorization of the sale conducted under Bankruptcy Code Section 363(b) is later reversed or modified on appeal.

38. Bankruptcy Code Section 363(m) provides:

> The reversal or modification on appeal of an authorization under section (b) or (c) of this section of a sale or lease of property does not affect the sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

39. While the Bankruptcy Code does not define "good faith", the Second Circuit held that:

> A [good] faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings... A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders".

*Licensing by Paolo v. Sinatra (In re Gucci),* 126 F.3d at 390; *quoting In re Rock Industries Machinery Corp.,* 572 F.2d 1195, 1998 (7th Cir. 1978).

40. Bankruptcy Code Section 363(m) "reflects the … 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders

and judgments upon which third parties rely.'" *In re Abbotts Dairies of Penn. Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (quoting *Hose Corp. v. Better Corp.* (*In re Vetter Corp.*), 724 F.2d 52, 55 (7th Cir. 1983)); *See also United States v. Salerno*, 932 F.2d 117, 123 (2d Cir. 1991) (noting that Bankruptcy Code Section 363(m) "furthers the finality in bankruptcy sales … [and] assist bankruptcy courts in maximizing the price for assets sold in such proceedings"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) (noting that Bankruptcy Code Section 363(m) advances the policy of finality in bankruptcy sales).

41. Trustee submits that the successful bidder arising from the Auction Sale, is or would be a "good faith purchaser" within the meaning of Bankruptcy Code Section 363(m) and the proposed Contract is or would be a good faith agreement on arm's-length terms entitled to the protections of Bankruptcy Code Section 363(m).

42. Trustee is selling the Real Property in an arm's length transaction. The sale of the Real Property is subject to higher or better offers, which may be tendered at the Auction Sale, which will be duly noticed. The consideration to be received is substantial and reasonable with respect to the asset being conveyed. In addition, there is no indication of any "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders" or similar conduct that would cause or permit the sale to be avoided under Bankruptcy Code Section 363(n). *In re Gucci,* 126 F.3d 380 at 390. As a result, Trustee submits that whomever ultimately tenders the highest or best offer, will be a good faith purchaser of the Real Property. Accordingly, Trustee requests that the Successful Bidder be afforded the protections under section 363(m) of the Bankruptcy Code.

**E.     Request Of Waiver Of Stay Required By Bankruptcy Rule 6004(h)**

43. Trustee seeks a waiver of any stay of the effectiveness of any Order approving the relief sought in this Motion. Under Bankruptcy Rule 6004(h) "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

44. In order to limit the costs of preserving the Real Property and maximize its value, it is critical for Trustee to close the sale as soon as possible. For the reasons described above, Trustee submits that ample cause exists to justify a waiver of the 14 day stay imposed under Bankruptcy Rule 6004(h). Trustee further submits that the requirements of Local Rule 6004-1 have been satisfied. Accordingly, Trustee respectfully requests that this Court waive such requirement with respect to any Order issued approving this Motion.

## NOTICE

45. Notice of the Sale Hearing and this Motion is being sent to Debtor and his counsel, all of the parties who have thus far expressed an interest in this bankruptcy proceeding by filing a Notice of Appearance, to all of the creditors of the estate, as well as the Office of the United States Trustee. Trustee believes that this will help ensure a fair and equitable bidding process to benefit the creditors of the Estate. A Notice of Sale shall also be published prior to the sale on the MYC website.

**WHEREFORE**, Trustee respectfully requests that this Court enter an Order, substantially in the form submitted herein: (i) approving the sale of the estate's interest in the Real Property pursuant to the terms as set forth herein, free and clear of all Liens, with such Liens, if any, to attach to the net proceeds of sale in the amount and priority as they presently exist, subject to such higher and better offers that may be tendered at the Auction Sale, and subject to the terms and conditions of sale as set forth in this Motion; (ii) scheduling a hearing to approve of the sale of the

Real Property to the successful bidder; (iii) approving terms and conditions for submitting offers; (iv) approving the form and manner of notice with respect to the Sale Hearing; and granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: Huntington, New York
August 23, 2017

                                Rosen, Kantrow & Dillon, PLLC
                                *Attorneys for Trustee*

BY:   S/Fred S. Kantrow
        Fred S. Kantrow
        38 New Street
        Huntington, New York 11743
        631 423 8527
        fkantrow@rkdlawfirm.com